## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ROBERT KNOWLES,

        Plaintiff,

    vs.

ANGELIA HOPSON; RENEWABLE
RESOURCES, LLC; AND SAFETY
SOLUTIONS, INC.

        Defendants.

Case No: 07 CV 6131
Judge James B. Moran
Courtroom 1843
Magistrate Judge Jeffrey Cole
Courtroom 1838

## MEMORANDUM OF LAW

**Introduction**

Robert Knowles ("Knowles") has filed a four count complaint ("Complaint") against defendants Angelia Hopson ("Hopson"); Renewable, Resources, L.L.C. ("Renewable), an Illinois limited liability company; and Safety Solutions, Inc. ("Safety"), an Illinois corporation (collectively, the "Defendants") seeking a return of his investment, damages, costs, expenses of litigation, and attorney fees. Count I of the Complaint attempts to assert a claim for violation of federal securities laws. Count II contains similar allegations as Count I, however, the claim advanced is for violation of Illinois securities laws. Count III is based on common law fraud, whereas Count IV is for unjust enrichment. Each and every count of the complaint is directed against the Defendants. Because of the vague and ambiguous nature of the allegations in Counts I and II pertaining to the statutes implicated under federal and state securities laws, respectively, Defendants are concurrently filing with their Fed. R. Civ. P. 12(b)(6) Motion to Dismiss, a separate Motion for a More Definite Statement pursuant to Fed. R. Civ. P. 12(e).

**Argument**

**A.     The Standard on a Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint for failure to state a claim upon which relief may be granted." *Johnson v. Rivera*, 272 F.3d 519, 520-21 (7th Cir. 2001). A complaint is properly dismissed under Rule 12(b)(6), Fed. R. Civ. P., if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Washington v. Summerville*, 127 F.3d 552, 555 (7th Cir. 1997), *cert. denied*, 523 U.S. 1073 (1998). For purposes of the motion, all well-pleaded facts are taken as true. *Bontkowski v. First National Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993), *cert. denied*, 510 U.S. (1993). However, even under the liberal pleading standards under the federal rules, a complaint requires more than "bald assertions". *Lucien v. Preiner*, 967 F.2d 166, 1168 (7th Cir. 1992), *cert. denied*, 506 U.S. 893 (1992). Moreover, when fraud is alleged, it must be done with particularity and plead the who, what, when, where, and how of the alleged fraud. *Uni\*Quality, Inc. v. Infortronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992).

**B.     Count I Must Be Dismissed Because Knowles Has Failed to Meet The Pleading Requirements Necessary To Plead A Cause Of Action For Violation Of Federal Securities Laws.**

The gist of Count I is that Knowles is entitled to a refund of his investment in Renewable because according to Knowles, "Defendants' conduct constitutes multiple violations of the securities laws of the United States, 15 U.S.C. § 77(a), et. seq." (complaint, ¶ 29, p. 9). The Securities Act of 1933 (the "1933 Act") is codified at 15 U.S.C. § 77(a). Knowles' complaint fails to allege with particularity which sections of the 1993 Act are implicated with respect to his allegations of

securities violations on the part of the Defendants. In failing to identify which section(s) of the 1933 Act has/have been violated, Knowles has failed to sufficiently plead that he has a private right of action against the Defendants.[1]   The 1933 Act was designed to "provide full and fair disclosure of the character of securities sold in interstate and foreign commerce and through the mails, and to prevent frauds in the sale thereof, and for other purposes."   *Marks v. CDW Computer Centers, Inc.*, 901 F.Supp. 1302 (N.D. Ill., 1995) citing to *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 728, 95 S.Ct. 1917, 1921, 44 L.Ed.2d 539 (1975), reh'g denied, 423 U.S. 884, 96 S.Ct. 157, 46 L.Ed.2d 114 (1975). While Knowles has generally alleged that ". . . a substantial part of the events giving rise to the claims asserted herein occurred in this District" (Complaint, ¶ 6) for purposes of establishing venue, Knowles has failed to allege that his  "investment" was a security which he purchased,  and  that  such  investment  constituted   a  transaction  involving  interstate  or  foreign commerce, or that use of the mails was involved.  Furthermore, Knowles has not alleged any specific facts which, if taken as true, would constitute a violation of the 1933 Act.  The allegations in the Complaint are vague and conclusory and do not establish a 1933 Act violation.

"The Securities Acts[2] proscribe fraud in connection with securities transactions." *Marks* at 1310. With respect to Count I of his Complaint, Knowles has not formally incorporated the word "fraud" as part of his allegations although he has incorporated it by reference into Count I,  "General Background" paragraphs 1 -28, including paragraph 25 of the Complaint which alleges, in pertinent part, that "Hopson had made major misrepresentations and omitted materially important information

_____

[1]By way of example, no civil liability arises solely as a result of a violation of Section 5 of the 1933 Act. *Russo v. Bache Halsey Stuart Shields, Inc*., 554 F.Supp 613 (N.D. Ill., 1982) citing to *In re North American Acceptance Corp. Securities Cases*, 513 F. Supp. 608, 618 (N.D. Ga. 1981).

[2] A reference to the 1933 Act and the Securities and Exchange Act of 1934.

3

from Knowles". Count III of Knowles' Complaint (for common law fraud) incorporates by reference

the same General Background paragraphs 1-28 which contain the alleged misrepresentations by

Hopson to Knowles. In Count III, Knowles alleges that such misrepresentations are "fraudulent"

(Complaint ¶ 39, p.11).

    Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") provides:

> *In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.*

In securities fraud cases, Rule 9(b) requires that the Plaintiff plead "'the who, what, when, where,

and how'" concerning the alleged fraud. *DiLeo v. Ernst & Young*, 901 F.2d 624, 629 (7th Cir. 1990)).

In addition, the Private Securities Litigation Reform Act of 1995 ("PSLRA") under the heading

*Requirements for Securities Fraud Actions* provides, in pertinent part, the following:

> *(1) Misleading Statements and Omissions. - In any private action arising under this title in which the plaintiff alleges that the defendant -*
>
>     *(A) made an untrue statement of a material fact: or*
>
>     *(B) omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading;*
>
> *the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the state is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed.*
>
>     *(2) Required State of Mind. - In any private action arising under this title in which the plaintiff may recover money damages only on proof that the defendant acted with a particular state of mind[3], the complaint shall, with respect to each act or omission alleged to violate this title, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.*

    As more fully set forth below, Knowles has failed to meet the pleading requirements under

Rule 9(b) and the PSLRA. With respect to the allegations common to all counts, Knowles'

---

[3]The scienter requirement has been defined as an "intent to defraud or recklessness" *Caremark, Inv. v. Coram Healthcare Corp.*, 113 F.3d 645, 650 (7th cir. 1997).

Complaint contains allegations which are premised "on information and belief". For example, "Upon information and belief, Hopson owns a majority interest in both Renewable and Safety, and, at all times hereafter, Hopson was acting on her own behalf and on behalf of Renewable and Safety" (¶ 7, p.3); "Upon information and belief, contrary to Hopson's representations, she had not invested $500,000 of her money in Renewable" (¶ 11, p. 4); "Upon information and belief, Renewable has not registered its offering of securities." (¶ 28, p. 9). In violation of the stringent pleading requirements of the PSLRA, Knowles has failed to state with particularity all facts on which such beliefs were formed. Also, *see Uni\*Quality, Inc.,* Id. at 924, where the Seventh Circuit applied the requirements of the PSLRA as they relate to allegations based on information and belief.

Count I of Knowles' Complaint is also deficient because it vaguely and ambiguously alleges that "Hopson had made major representations and omitted materially important information from Knowles" (¶ 25, p. 8). Under the PSLRA, Knowles is required to identify in his Complaint "each statement alleged to have been misleading, the reason or reasons why each statement is misleading". While Knowles has alluded to an alleged statement on the part of Hopson that "she put $500,000 into Renewable" as indicated above, such statement was made only on information on belief. Knowles, in his allegations has used the plural form of the word misrepresentation. Nevertheless, he has failed to identify what other statements might constitute a misrepresentation. Count I of the Complaint is also deficient because, despite the mandates of the PSLRA, Count I lacks a proper allegation that Defendants "acted with a particular state of mind," *i.e.*, acted with an intent to defraud or with recklessness.

Finally, under the PSLRA, a plaintiff has the burden of alleging that the act or omission on the part of a defendant caused the loss for which the plaintiff seeks to recover damages. Here,

5

Knowles has failed to properly allege that the value of his investment - a 5% interest in Renewable has somehow been devalued as a proximate result of the actions of the Defendants.

For the reasons stated above, Count I must be dismissed.

**C.    Count II Must Be Dismissed Because Knowles Has Failed to Meet The Pleading Requirements Necessary To Plead A Cause Of Action For Violation Of Illinois Securities Laws.**

In Count II of the his Complaint, Knowles has generally alleged that "Defendants' conduct constitutes multiple violations of the Illinois Securities Law of 1953, 815 ILCS 5/1, et. seq. (¶ 33, p. 10). However, Knowles has failed to allege which sections of the aforesaid statute was/were violated. Knowles has also failed to allege that the transaction involved the sale of a security such that the transaction would fall within the ambit of the Illinois Securities Law of 1953. Additionally, The Illinois Securities Law of 1953 regulates the sale and distribution of securities within the state. *Hess v. I.R.E. Real Estate Income Fund, Ltd.* 629 N.E.2d 520, 529, 255 Ill.App.3d 790 (1st Dist. 1993). Knowles has also failed to allege that sale of a security by the Defendants involved the sale of a security in Illinois. The principal remedy sought by Knowles with respect to Count II of his complaint is the "refund of his investment" (¶ 35, p.2). In other words, Knowles seeks to have this court rescind any agreement he alleges existed vis-a-vis himself and the Defendants and thereby obtain the return of his money. However, under the Illinois Securities Law of 1953 (815 ILCS 5/13, par. 137.13B), rescission cannot take place until the purchaser provides notice of any election to rescind to each person from whom recovery is sought, by registered mail or certified mail, return receipt requested. Because Knowles has utterly failed to plead that he has complied with the aforesaid statute, he has failed to plead compliance with a condition precedent to pursuing a claim

for violations of Illinois securities laws.

      For the reasons stated above, Count II must be dismissed.

### D.    Count III Must Be Dismissed Because Knowles Has Failed to Meet The Pleading Requirements Necessary To Plead A Cause Of Action For Common Law Fraud.

      A claim of common law fraud in Illinois requires: (1) a false statement of material fact (2) made by a party who knew or believed the statement to be untrue (3) for the purpose of inducing another party to act (4) which was made to a party with the right to rely and (5) who actually relied, (6) leading to injury. *Steadfast Ins. Co., Inc. v. Auto Marketing Network, Inc*., 2 F.Supp.2d 1058 (N.D. Ill., 1998) citing to *Siegel v. Levy Organization Dev. Co.*, 153 Ill.2d 534, 180 Ill.Dec. 300, 607 N.E.2d 194, 198 (1992). The particularity requirement of Rule 9(b) applies to a common law fraud action. *Boyd Mach. & Repair Co., v. American Intern. Homes, Ltd.*, 100 F.Supp.2d 898, 900 (N.D. Ill., 2000). Knowles' Complaint does not contain an allegation that any statements made by Defendants were made for the purpose of inducing Knowles to act and therefore, Knowles has not met the pleading requirements to state a cause of action for common law fraud. Further, as indicated above, in addressing Count I, Knowles has failed to identify with particularity what the alleged "misrepresentations" consist of which are attributed to the Defendants, nor does Knowles allege with particularity how any representations on the part of the Defendants resulted in injury to him. Under Rule 9(b), Knowles has utterly failed to plead all elements of "the who, what, when, where, and how" requirements mandated under *DiLeo,* Id. at *629.*

      For the reasons stated above, Count III must be dismissed.

### E.    Count IV Must Be Dismissed Because Knowles Has Failed to Meet The Pleading Requirements Necessary To Plead A Cause Of Action For Unjust Enrichment.

      To state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that

the defendant has unjustly retained a benefit to the plaintiff's detriment, and that the defendant's retention of that benefit violates fundamental principles of justice, equity and good conscience. *Firemen's Annuity & Ben. Fund v. Municipal Employees', Officers, & Officials' Annuity & Ben. Fund*, 219 Ill.App.3d 707, 712, 579 N.E.2d 1003, 162 Ill.Dec. 189 (Ill.App. 1st Dist. 1991). In the present case, Knowles has failed to allege one of the necessary prongs to state a cause of action for unjust enrichment, namely, that any benefits received by the Defendants resulted in a detriment to him. Additionally, unjust enrichment is based on an implied contract. Where there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application. *People ex rel. Hartigan v. E & E Hauling , Inc*. 153 Ill.2d 473, 497, 607 N.E.2d 165, 180 Ill.Dec. 271 (1992). To the extent that Knowles has attempted to plead an express contract, *i.e.*, his reference to a  "letter agreement . . . Exhibit "A"" (Complaint, ¶ 13, p.5) between himself  and one or more defendants, a claim for unjust enrichment cannot lie.

For the reasons stated above, Count IV must be dismissed.

**Conclusion**

Each and every count of Knowles' Complaint fails to state a claim upon which relief can be granted and therefore a Motion to Dismiss Knowles' Complaint, in its entirety, with prejudice, is warranted pursuant to Fed. R. Civ. P. 12(b)(6).

s/Vincent Vigil
Vincent Vigil
35 East Wacker Drive, Suite 500
Chicago, IL 60601
Phone 312- 236-0475
Fax     312-236-1750
E-mail: vincent_vigil@gshllc.com

8

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on November 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: thiersch@gtpclaw.com and I certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Steven Bradley Shipe
Wagner, Johnston & Rosenthal, P.C.
5855 Sandy Springs Circle
Suite 300
Atlanta, GA 30328


s/Vincent Vigil
Vincent Vigil
35 East Wacker Drive, Suite 500
Chicago, IL 60601
Phone 312- 236-0475
Fax     312-236-1750
E-mail: vincent_vigil@gshllc.com

9