IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT KNOWLES,<br><br>    Plaintiff,<br><br>v.<br><br>ANGELIA HOPSON; RENEWABLE RESOURCES, LLC; AND SAFETY SOLUTIONS, INC.;<br><br>    Defendants. | Civil Action No. 07-CV-6131<br><br>Judge Robert M. Dow |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

The Plaintiff, Robert Knowles, responds to Defendants' Motion to Dismiss Complaint at Law as follows:

**INTRODUCTION**

The complaint asserts claims for violations of Federal and Illinois securities laws (Counts I and II, respectively), common law fraud (Count III), and unjust enrichment (Count IV). As part of the Complaint, these assertions were made:

Upon information and belief, Defendant Hopson owns a majority interest in both Defendants Renewable and Safety, and, at all times hereafter, Hopson was acting on her own behalf and on behalf of Renewable and Safety (Complaint, ¶ 7).

Hopson attempted to solicit an investment into Renewable from Knowles (Id. at ¶¶ 8-9). She told Knowles in general terms that Renewable was attempting to pursue a tire-recycling venture to be centered near Memphis, Tennessee (Id.).

Near the end of October, Hopson and Knowles met in California where they discussed the venture more specifically. Hopson had Knowles sign a non-disclosure agreement and told him that she had more than $500,000 in her own money invested in Renewable and that if Knowles invested into Renewable, his monies would be used to help further fund Renewable's attempts to conduct the tire-recycling venture (Id. at ¶ 10). At this time, Hopson did not intend to use Knowles' investment for that purpose but wanted and need Knowles' money to pay her debts associated with Safety, another of Hopson's companies (Id. at ¶ 12).

There were other similar discussions between Hopson and Knowles, culminating in the signing of the "December Letter" during December 2006 in Memphis (Id. at ¶ 13). The December Letter recognized that Knowles was making a $250,000 investment for 5% of Renewable and that the formal documents concerning this investment would be completed by January 31, 2007 (Id. at ¶ 14).

Knowles did make the $250,000 investment into Renewable by paying $50,000 by check on or about December 10, 2006, and by sending a wire transfer in the amount of $200,000 on or about December 29, 2006 (Id. at ¶ 15).

Knowles has repeatedly requested the K-1 form and the investment documents, but Defendants have failed to provide these, and Defendants have also refused to provide all of the pertinent financial documents in connection with Renewable and with the transfers from Renewable to Safety (Id. at ¶¶ 21-24).

During September 2007, Defendants did provide a few documents to Knowles which showed him for the first time that Hopson had made major misrepresentations and omitted materially-important information (Id. at ¶ 25). These documents contradict Hopson's claim that she put $500,000 into Renewable and show that Hopson almost immediately drained all of Knowles' investment by paying most of the money in Renewable towards Hopson's other debts and her personal expenses such as purchases at a GNC drug store, to pay for her own gas use, bookstores, and to make "ATM" cash withdraws; the documents show that Hopson left Renewable unable to pay for those expenses which may have been legitimately attributable to Renewable (Id. at ¶¶ 25-27). The documents show that at the time that Knowles made his original $50,000 payment to Renewable, Renewable did not have any cash and that only three days after Renewable deposited Knowles $50,000 check, Hopson caused Renewable to withdraw $49,000 of that money by writing a check in that amount to Safety (Id. at ¶ 16-17). Within weeks of Knowles' $200,000 wire transfer, Hopson caused Renewable to withdraw nearly all of the rest of Knowles' investment by writing checks to Safety totaling $193,000.00 (Id. at ¶ 18).

Upon information and belief, there was no consideration to Renewable for those monies, and the monies were not used to further Renewable's venture; instead, they were used to pay other debts that Hopson had previously incurred in

connection with Safety (Id. at ¶ 19).

## ARGUMENT AND CITATION OF AUTHORITY

The Federal Rules are based on the liberal notice pleading which only require a short and plain statement of a plaintiff's claims. See <u>Vincent v. City Colleges of Chicago</u>, 485 F.3d 919, 923-24 (7th Cir. 2007). For purposes of this motion, the Court must take all of the factual allegations of the Complaint as true, must give Knowles the benefit of all inferences, and may only dismiss the Complaint unless it appears beyond doubt that Knowles can prove no set of facts in support of his claims entitling him to relief. <u>Hefferman v. Bass</u>, 467 F.3d 596, 598 (7th Cir. 2006). Thus, even assuming, *arguendo*, that some additional allegation should be made, unless there are no set of facts which could entitle Knowles to relief, the remedy should be to require a more-particular pleading, not to dismiss. See <u>McCann v. Neilsen</u>, 466 F.3d 619, 623 (7th Cir. 2006).

**A.    The Federal Securities Laws Claim Is Proper.**

Count I of Knowles' complaint asserts that Defendants have violated federal securities laws, 15 U.S.C. § 77(a), et. seq. (the "Federal Securities Laws"). Despite Defendants' arguments, Count I should not be dismissed.

  1. <u>Knowles is not required to cite the specific subsections of the Federal Securities Laws which Defendants violated.</u>

Defendants do not cite to any cases supporting their contention that Count I should be dismissed because Knowles did not cite to the particular subsections of

4

the Federal Securities Laws which have been violated, and the few cases which have addressed the issue have held that there is no requirement to cite to the specific sections or subsections of acts that are purported to be violated. See <u>P.C. of Yonkers, Inc. v. Celebrations! The Party and Seasonal Superstore, LLC</u>, 2007 U.S. Dist. LEXIS 15216 at *fn 3 (D.N.J. Mar. 2, 2007) (citing, among others, <u>Morrow v. Green Tree Servicing, LLC</u>, 360 F. Supp.2d 1246, 1249 (M.D. Ala. 2005) (noting that the argument that a complaint must cite to specific provisions of an act "runs counter to the 'liberal pleading standards of Rule 8(a)(2)'")).

    2.    <u>Knowles is not required to allege that his investment was a security.</u>

Defendants incorrectly argue that Count I should be dismissed because Knowles didn't specifically allege that his investment was a security. It is important to note that Defendants did not cite even one authority requiring such an allegation to be specifically made in a complaint, and unless there is a legal authority requiring an allegation to be specifically made in a complaint, the Court cannot dismiss Knowles' complaint for omitting the allegation. See <u>Vincent</u>, 485 F.3d at 924 ("Any district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain. . .' should stop and think: What rule of law requires a complaint to contain that allegation?"). Knowles is not required to plead each and every element of his claims. See <u>Hefferman</u>, 467 F.3d at 600 (noting that under the Federal Rules a plaintiff need only give the

5

defendants notice of the claims and that a plaintiff is not required to plead facts, or the elements of the causes of action, or legal theories).

Additionally, Knowles' Complaint does identify the transaction to be a security. "Security" is very broadly defined under the Federal Securities Laws to include any certificate of interest or participation in a profit-sharing agreement. 15 U.S.C. § 77b(a)(1). The investment stated in the Complaint fits this description.

Furthermore, while the Complaint is not required to state the words "involves interstate or foreign commerce," the Complaint does assert that interstate commerce is involved. The investment was to be in Renewable, an Illinois limited liability company (Id. at ¶ 3). The stated purpose of Renewable was to do business near Memphis, Tennessee (Id. at ¶ 9). Additionally, part of the acts complained of took place in Tennessee and California (Id. at ¶¶ 9-10). This satisfies the definition of interstate commerce under 15 U.S.C. § 77b(a)(7).

3. <u>Knowles' Complaint satisfies Rule 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA").</u>

Rule 9(b) provides that in claims involving fraud, the circumstances constituting the fraud shall be stated with particularity. The relevant portions of the PSLRA are set forth in 15 U.S.C. § 78u-4.

    a. *<u>Count I identifies the misrepresentations.</u>*

Contrary to Defendants' suggestion, Knowles has identified multiple

misrepresentations, each of which has been identified.[1]  Paragraph 10 identifies two misrepresentations: the statements made by Hopson at the end of October in San Diego that Knowles had invested $500,000.00 of her own money in Renewable and that if Knowles invested into Renewable, Knowles' investment would be used to further fund Renewable's attempts to conduct the tire-recycling venture.  Paragraph 13 of the Complaint also alleges that there were other similar discussions between Hopson and Knowles through December 8, 2006.

Count I specifically identifies the misrepresentations to satisfy Rule 9(b).  Count I identifies Hopson as the individual making the misrepresentations.  The count specifically identifies the misrepresentations which Hopson is alleged to have told Knowles, and the count provides when the statements were alleged to have been made, the location of the alleged statements, and how they were made.  Other than to generally quote from a case which suggests that information usually given in the first paragraph of any newspaper story should be pled, Defendants fail to state how Count I fails to provide this information.  Regardless, Count I satisfies the pleading requirements and should not be dismissed.

      b.    <u>Using "upon information and belief" complies with the PSLRA.</u>

Knowles use of "upon information and belief" in Paragraphs 7, 11, and 28 of

---

[1] Even if only one misrepresentation were identified, this would be sufficient to state a cause of action and would mandate that the motion to dismiss be denied.

the Complaint does not require dismissal. Paragraph 7 reads, "[u]pon information and belief, Hopson owns a majority interest in both Renewable and Safety, and, at all times hereafter, Hopson was acted on her own behalf and on behalf of Renewable and Safety." Paragraph 11 reads, "[u]pon information and belief, contrary to Hopson's representations, she had not invested $500,000 of her money in Renewable." Paragraph 28 reads, "[u]pon information and belief, Renewable has not registered its offering of securities."

Subsection (1) of the PSLRA, which applies to private actions where the plaintiff alleges that a defendant made an untrue statement of fact or omitted an untrue statement of fact, permits statements to be made on information and belief, but requires that a plaintiff state the facts on which the belief is formed. This provision on the PSLRA does not require dismissing the Complaint because Knowles has stated the basis for his belief on some of these allegations, and because the other allegations based on information and belief do not relate to an allegation that Defendants made untruthful statements or omitted material facts.

As for Paragraph 7, the basis of the statement—that Hopson owned a majority of Renewable and Safety and that Hopson was acting on behalf of Renewable and Safety—is set forth in the Complaint. Paragraph 12 asserts that Safety was one of Hopson's companies. Paragraph 4 of the Complaint and the December Letter provided that Hopson was the president of both Renewable and

Safety. Paragraphs 9, 17 through 19 of the Complaint and the December Letter show that Hopson was acting on behalf of Renewable and Safety: on Renewable's part in seeking an investment into Renewable and in causing Renewable to pay monies to Safety and on Safety's part in using Knowles' investment to cause monies to be paid to Safety. By stating the factual basis for Paragraph 7, the paragraph does not violate the PSLRA.

As for Paragraph 11, the basis of the statement—that Hopson hadn't made a $500,000 cash investment into Renewable—is provided in the Complaint. The Complaint asserts that during September 2007, Defendants provided Knowles with a few documents and that these documents showed Knowles that Defendants had made misrepresentations and that Hopson hadn't made a $500,000 investment (Complaint, ¶¶ 25, 26). By stating the basis—the documents—for his beliefs, Knowles satisfied the PSLRA with respect to Paragraph 11.

With respect to Paragraph 28—that Renewable has not registered its offering of securities, this statement does not violate the PSLRA because the Paragraph does not form the basis of an allegation that Defendants made an untrue statement of fact or omitted a material fact. The PSLRA's requirement that allegations made on information and belief be backed by facts only applies where the allegation is regards the misrepresentation or omission. See 15 U.S.C. § 78u-4(b)(1) ("if an allegation regarding the statement or omission is made on information and belief,

the complaint shall state with particularity…"). The Complaint does not contend that Defendants told Knowles that their security was registered, and Paragraph 28 does not regard an alleged misrepresentation or omission of material fact, so the PSLRA does not require Paragraph 28 to be supported by statements of facts.[2]

        c.     *Defendants' state of mind has been properly alleged.*

Defendants' brief suggests that Knowles is required to state that Defendants "acted with an intent to defraud or with recklessness" (Defendants' Brief, p. 5). But, nothing in Rule 9(b) or the PSLRA requires Knowles to use those words. Instead, Rule 9(b) only requires that a complaint generally aver to a defendant's state of mind, and the PSLRA only requires that Knowles to state facts giving rise to a strong inference that Defendants' acted with the required state of mind. The Complaint satisfies both requirements.

Paragraphs 10 and 11 of the Complaint alleges that Hopson told Knowles that Hopson had invested $500,000 into Renewable, but that Hopson had not really made such an investment. This certainly provides sufficient facts which give a strong inference that Hopson knew that she hadn't made such an investment at the time of the misrepresentation. Knowingly misrepresenting facts is fraudulent. Paragraph 9 of the Complaint also alleges that Hopson attempted to solicit—and eventually did solicit—an investment from Knowles.

---

[2]    Similarly, although Paragraph 7 is supported by facts in the Complaint, Paragraph 7 is not subject to the relevant provision of the PSLRA.

Paragraph 10 and 12 of the Complaint also alleges that Hopson told Knowles that if Knowles invested in Renewable that his investment would be used to further fund Renewable's attempts to conduct the tire-recycling venture, but that at the time that Hopson told Knowles that, Hopson did not intend to use Knowles' monies in such a manner.

These allegations are more than enough to satisfy Rule 9(b) requirement of a general averment of Defendants' mental state and to satisfy the PSLRA's requirement of stating facts which give rise to a strong inference that Defendants acted with the required state of mind.

    4.    <u>Count I alleges that Knowles was damaged by Defendants' conduct.</u>

Finally, contrary to Defendants' arguments, Knowles has put Defendants on knowledge of Knowles' loss, and the Complaint does state how Knowles was harmed. Paragraphs 15, 16, 27, and 31 of the Complaint asserts that Knowles paid Defendants $250,000 based on the representations, that at the time of the investment Renewable did not have any cash, that Renewable cannot afford to pay its valid obligations, and that Knowles suffered damages as a result of Defendants' conduct. The Complaint clearly alleges that Knowles no longer has his $250,000. No clearer allegation of damages or loss could be made or is required.

**B.    The Claim Under The Illinois Securities Laws Should Not Be Dismissed.**

In Count II, Knowles asserts that Defendants have violated the Illinois

Securities Law of 1953, 815 ILCS 5/1, *et. seq.* (the "Act").  Knowles has properly pleaded his claim for violation of the Act, and the Court should not dismiss Count II or require Knowles to replead this count.

    1.    <u>Knowles is not required to cite the specific subsections of the Act.</u>

As shown above, Knowles is not required to cite to specific parts of the Act.

    2.    <u>Knowles is not required to plead that his investment was a "security" or that it is an "Illinois security."</u>

As stated above in relation to Count I, Defendants have not cited any cases which dismissed a case because the complaint failed to use the words "security" or "security in Illinois," and Knowles is not required to assert each and every element of his causes of action.  See <u>Hefferman</u>, *supra*.  Also, Knowles' Complaint does identify the transaction to be a security in Illinois.  Just like the Federal Securities Laws, the Act defines "Security" very broadly and includes any certificate of interest or participation in any profit-sharing agreement.  815 ILCS 5/2.1.  Paragraph 14 of the Complaint describes a transaction what would fit this description.  The security is also an Illinois security; the investment was to be an investment in Renewable, which is an Illinois limited liability company.

    3.    <u>Knowles is not required to plead a prior notice to Defendants.</u>

Defendants erroneously allege that Count II should be dismissed because Knowles did not plead that he previously sent notice of his election to rescind the transaction by registered or certified mail.

First, Defendants have not cited any cases which require them to plead that they have made such a notice. As discussed above, Knowles is not required to cite to each and every element of his claim.

Second, in making their argument, Defendants mis-cite ILCS 815 ILCS 5/13(B) by contending that that statute requires that notice be sent by registered or certified mail before suit may be filed. 815 ILCS 5/13(B) permits notice to also be made by personal service, and nothing in that statute requires that the notice be made prior to suit. See <u>Norville v. Alton Bigtop Restaurant, Inc.</u>, 22 Ill. App. 3d 273, 284, 317 N.E.2d 384, 391 (Ill. App. Ct. 1974) (holding that service of a complaint containing notice of election is sufficient to satisfy the notice requirement). Here, Defendants were personally served with the Complaint which notified them of the election and which indicated that Knowles received knowledge of the voidability of the transaction during September 2007 when he was first provided with documents concerning Renewable. As a result, Knowles Count II should not be dismissed.

**C.     The Common Law Fraud Claim—Count III—Should Not Be Dismissed.**

Contrary to Defendants' arguments, the Complaint does allege that the misrepresentations were made for the purpose of inducing Knowles to act. The Complaint asserts that Hopson attempted to solicit—and did solicit—an investment from Knowles. Under the liberal pleading requirements and the strict standards of

a motion to dismiss, this is sufficient to overcome Defendants' motion.

Moreover, as shown above, the Complaint does sufficiently identify the misrepresentations and does show that Knowles was harmed as a result of the misrepresentations and states how he was harmed (See Complaint, ¶¶ 15, 27, 31, 36, 41). This sufficiently puts Defendants on notice of Knowles' damages claim.

**D.     The Unjust Enrichment Claim Should Not Be Dismissed.**

Knowles did plead that the benefits received by Defendants (the $250,000), resulted in a detriment to him (See Complaint, ¶¶ 15, 27, 31, 36, 41). Knowles is not required to plead that his investment—for which Defendants have yet to shown that they actually gave the 5% in Renewable to Knowles—is now worth $250,000, but his Complaint does indicate this. Perhaps the value of the investment may be worth more than $250,000; if so, proof of this may be the subject of a summary judgment motion, but it is not grounds to move to dismiss.

Second, the "December Letter" is not grounds to dismiss the unjust enrichment claim. While a specific express contract governing the parties' relationship may provide a defense to unjust enrichment claims, there is nothing showing a specific and express contract governing these parties' relationship. The December Letter was not intended by the parties to be the document governing their relationship; it specifically notes that the "detailed agreements and other paperwork" concerning Knowles' investment would be completed later (December

Letter, p. 2). The Complaint also notes that Defendants never provided those agreements and other paperwork to Knowles (Complaint, ¶ 21). The mere fact that a document is alleged to exist between the parties does not provide grounds for dismissing the unjust enrichment claim. See Fernandez, 2006 U.S. Dist. LEXIS 2265 at * 14-15 (N.D. Ill. Jan. 19, 2006)(holding that a complaint can allege both breach of contract and unjust enrichment).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss should be denied.

Respectfully submitted, this 11th day of December, 2007.

| | |
|---|---|
| Wagner, Johnston & Rosenthal P.C.<br>5855 Sandy Springs Circle<br>Suite 300<br>Atlanta, GA  30328<br>(404) 261-0500 | By: : _s/S. Bradley Shipe/_____<br>S. Bradley Shipe<br><br>Attorneys for Plaintiff Robert Knowles |
| Garofalo & Thiersch, P.C.<br>150 N. Wacker Drive<br>Suite 2020<br>Chicago, IL 60606<br>(312) 743-6000 | By: : __s/Alex R. Thiersch/_____<br>Alex R. Thiersch<br><br>Attorneys for Plaintiff Robert Knowles |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day filed the foregoing **Plaintiff's Response to Defendants' Motion to Dismiss** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Vincent Vigil, Esq.
33 East Wacker Drive, Suite 500
Chicago, Illinois 60601

Respectfully submitted this 11th day of December, 2007.

Garofalo & Thiersch, P.C.
150 N. Wacker Drive
Suite 2020
Chicago, IL 60606
(312) 743-6000

By: s/Alex R. Thiersch/
Alex R. Thiersch

Attorneys for Plaintiff Robert Knowles