UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT KNOWLES,

        Plaintiff,

vs.

ANGELIA HOPSON; RENEWABLE
RESOURCES, LLC; AND SAFETY
SOLUTIONS, INC.

        Defendants.

Case No: 07 CV 6131
Judge James B. Moran
Courtroom 1843
Magistrate Judge Jeffrey Cole
Courtroom 1838

**REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT AT LAW**

        Defendants, Angelia Hopson ("Hopson"); Renewable Resources, LLC ("Renewable"); and Safety Solutions, Inc. ("Safety")(collectively, "Defendants"), herewith submit their reply to Plaintiff's Response to Defendant's Motion to Dismiss and to Plaintiff's Response to Defendants' Motion for a More Definite Statement, as follows:

**Introduction**

        Defendants filed their Motion to Dismiss[1] seeking dismissal of Knowles' Complaint in its entirety and, in the alternative, a Motion for a More Definite Statement with respect to counts I and II of the Complaint. Knowles thereafter filed Plaintiff's Response to Defendants' Motion to

---

      [1] Capitalized terms have the meaning ascribed to such terms in Defendants' Motion to Dismiss and Memorandum of Law in support thereof.

1

Dismiss wherein he asserts that each and every count of his four count complaint ("Complaint") has met the pleading threshold necessary to survive a motion to dismiss brought pursuant to Rule 12(b)(6). Knowles has also filed a response to Defendants' Motion for a More Definite Statement wherein he asserts that because he has met the pleading requirements necessary to survive a motion to dismiss, a more definite statement on his part is unnecessary.

**Argument**

**A. Counts I, II and III Alleging Fraud Fail to State a Claim Upon Which Relief Can Be Granted**

In his Response to the Motion to Dismiss, Knowles posits that each and every count of his Complaint" states a claim upon which relief can be granted. In support thereof, Knowles seeks to have this court apply the pleading standard set forth in Fed. R. Civ. P. 8(a) despite the fact that the gravamen of counts I, II and III of Knowles' complaint is for fraud. By way of example, Knowles cites to the case of *Vincent v. City Colleges of Chicago*, 485 F.3d 919 (7th Cir. 2007) for the proposition that "The Federal Rules are based on the liberal notice pleading which only require a short and plain statement of the plaintiff's claims." Id. at 923-24. The aforesaid language coincides with the threshold pleading requirements under Rule 8(a). Knowles conveniently chooses to ignore the existence of Rule 9(b) dealing with a heightened pleading standard which requires more than a plain statement of a claim per Rule 8. Rule 9(b) requires that facts such as "the identity of the person making the representation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was

communicated to the plaintiff be alleged in detail." *Hefferman v. Bass*, 467 F.3d 596, 600 (*quoting Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992)). In *Vincent*, the court acknowledged that pleading requirements vary between claims falling outside the ambit of Rule 9(b) and those claims falling within the scope of Rule 9(b) when it wrote "Any decision declaring this 'complaint' is deficient because it does not allege X is a candidate for summary reversal, unless X is on the list in Fed. R. Civ. P. 9(b)." (*citing to Kolupa v. Roselle Park District*, 438 F.3d 713, 715 (7th Cir. 2006)) Id. at 925. Because Counts I, II and III of the Complaint involve allegations of fraud, Knowles' reliance on *Vincent* as to the applicable threshold pleading requirements necessary to state a claim upon which relief can be granted is misplaced.

In responding to the Defendants' argument that the Complaint is deficient for failure to identify which sections of the federal and Illinois statutes are implicated, Knowles contends that "there is no requirement to cite to the specific sections or subsections of acts that are purported to be violated." In reliance thereon, Knowles invokes *P.C. of Yonkers, Inc. v. Celebrations! The Party and Seasonal Superstore, LLC*, 2007 U.S. Dist. LEXIS 15216 at *fn 3 (D.N.J. Mar. 2, 2007)(*citing to Morrow v. Green Tree Servicing, LLC*, 360 F. Supp.2d 1246, 1249 (M.D. Ala. 2005) for the proposition that requiring a complaint to cite to specific provisions of an act "runs counter to the 'liberal pleading standard of Rule 8(a)(2).'" Once again, Knowles selectively invokes Rule 8 instead of Rule 9(b) as the proper standard for determining the pleading requirements which he must comply with to state a cause of action for fraud. Moreover, the holding in *P.C. of Yonkers, Inc.* does not comport with Knowles' interpretation thereof. Rather, in *P.C. of Yonkers, Inc.* the court acknowledged that the plaintiff had stated a cognizable claim

3

under a particular section of a statute where the allegations of the complaint were specific enough to allow the court to ascertain that plaintiff had alleged a violation of a particular section of a statute, despite having failed to specifically plead the section of the statute which was alleged to have been violated. In particular, the court in *P.C. of Yonkers, Inc.* stated "Here, PC plaintiffs' claim is clearly based on a violation of (a)(4) . . ." Id. at 512. In *Morrow*, the defendants asserted that the plaintiff failed to plead which section of the Fair Labor Standards Act had been violated. The court in *Morrow* stated "The complaint details regarding the 40 hour work week and the pay rate of 1½ times that of the hourly employees clearly invoke specific sections of the FLSA, which forbids, for a certain category of employees, 'a workweek longer than forty hours' unless 'such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.' 29 U.S.C.A. § 207(a)". Id. at 1249.

    Thus, the courts in *P.C. of Yonkers, Inc.* and *Morrow* held that the plaintiffs' respective complaints were sufficiently detailed to allow the court to determine which sections of statutes were allegedly violated. Here, Knowles attempts to turn this argument on its head by asserting that reference to a particular section(s) of federal and Illinois statutes need not be pled in his Complaint in order to survive a motion to dismiss - which is clearly not the holding of *P.C. Yonkers* and *Morrow*. The allegations in Knowles' Complaint lack sufficient specificity to identify which section(s) of the federal and Illinois securities laws have allegedly been violated by the Defendants, and neither this court nor the Defendants should be required to speculate on this issue. But more to the point, the failure to provide the necessary specificity per the stringent requirements set forth in Rule 9(b) and the PRSLA, as to claims alleging fraud, is fatal to

4

Knowles' Complaint.

**B. With Respect to All Counts of the Complaint, Knowles Has Failed to Sufficiently Plead That He Suffered a Loss**

Knowles has failed to plead with sufficient specificity that he has suffered a loss. While Knowles has pled that he made a made a $250,000 investment in Renewable in exchange for a 5% interest therein, he has not pled that he was not provided the benefit of his bargain (i.e. a 5% interest in Renewable, or that his 5% interest in Renewable has a value less than $250,000). Accordingly, Knowles has failed to meet the pleading requirements necessary to state a cause of action for fraud, whether statutory or based on common law, and has also failed to state a claim for unjust enrichment.

**Conclusion**

For the aforementioned reasons, and those reasons advanced in Defendants' Motion to Dismiss, it is respectfully submitted that this court should dismiss Knowles' Complaint in its entirety, pursuant to Rule 12(b)(6), or in the alternative, at a minimum, require that Knowles provide a more definite statement with respect to counts I and II of his Complaint.

s/Vincent Vigil
Vincent Vigil
35 East Wacker Drive, Suite 500
Chicago, IL 60601
Phone 312-236-0475
Fax    312-236-1750
E-mail: vincent_vigil@gshllc.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: thiersch@gtpclaw.com and I certify that I mailed by United States Postal Service the document to the following upon non CM/ECF participants:

Steven Bradley Shipe
Wagner, Johnston & Rosenthal, P.C.
5855 Sandy Springs Circle
Suite 300
Atlanta, GA 30328

s/Vincent Vigil
Vincent Vigil
35 East Wacker Drive, Suite 500
Chicago, IL 60601
Phone 312-236-0475
Fax    312-236-1750
E-mail: vincent_vigil@gshllc.com