**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROBERT KNOWLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 07-CV-6131 |
| ) | |
| ANGELA HOPSON, RENEWABLE ) | |
| RESOURCES, LLC, and SAFETY ) | |
| SOLUTIONS, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

On October 30, 2007, Plaintiff Robert Knowles filed a four-count complaint against Defendants Angelia Hopson, Renewable Resources, LLC, and Safety Solutions, Inc. alleging (1) a violation of federal securities law, (2) a violation of Illinois securities law, (3) common law fraud, and (4) unjust enrichment. Defendants have filed two motions targeting the sufficiency of the complaint: a motion to dismiss [10] all four counts, brought pursuant to Federal Rule of Civil Procedure 12(b)(6), and, in the alternative, a motion for a more definite statement [13] as to Counts I and II, brought pursuant to Rule 12(e). For the following reasons, the Court denies both motions.

**I.    Background**

According to the allegations in Plaintiff's complaint, in October 2006, Plaintiff Knowles and Defendant Hopson were introduced. Hopson, who is the owner of a majority interest in both Renewable Resources and Safety Solutions, solicited from Knowles an investment in Renewable Resources. Hopson told Knowles that Renewable was pursuing a tire recycling project in the Memphis, Tennessee area. At the end of

October 2006, Hopson and Knowles met in San Diego, California, at which time they discussed the project in more detail.  According to the complaint, Hopson asked Knowles to sign a non-disclosure agreement, and Hopson told Knowles that (i) she had invested more than $500,000 of her own money in Renewable and (ii) Knowles's investment would be used to further fund the project.  Knowles further alleges that at the time Hopson solicited his investment, she did not intend to use the funds that Knowles would provide to further the tire recycling project; rather, Knowles alleges that Hopson needed the money to pay debts associated with Safety Solutions.

Additional discussions led to the signing, by both Hopson and Knowles, of a letter, dated December 7, 2006, which recognized that Knowles would make a $250,000 investment into Renewable in exchange for a five percent ownership interest in Renewable and that the formal documents concerning the investment would be completed by January 31, 2007.  On December 10, Knowles paid Renewable a check in the amount of $50,000.  On or about December 29, he sent a wire transfer in the amount of $200,000.  According to the complaint, Hopson withdrew nearly all of Knowles' investment by writing checks to Safety Solutions.  The complaint further alleges that at the time he made his original $50,000 payment to Renewable, contrary to the representations by Hopson, Renewable did not have any cash at the time.  Knowles also alleges that Hopson never provided him with the "formal" documents (due to be completed by January 2007), a registration statement, a prospectus, a K-1 form for 2006, and additional investment documents.  According to the complaint, "[u]pon information and belief, Renewable has not registered its offering of securities."

Although Hopson had not provided the necessary documentation to Knowles by January 2007, Knowles signed another non-disclosure agreement in July 2007. Finally, in September 2007, Defendants provided a few documents to Knowles. According to the complaint, those documents showed that Hopson had made misrepresentations and kept materially important information from Knowles. Those documents also allegedly contradict Hopson's claim that she put $500,000 into Renewable; rather, Knowles claims that the documents demonstrate that Hopson used funds from Renewable's account to make purchases at a GNC drug store, to buy gas, and to make ATM withdrawals.

## II.     Analysis

### A.     Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When ruling on a motion to dismiss under Rule 12(b)(6) for failure to state a claim, a judge "must accept as true all of the factual allegations contained in the complaint." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007). Plaintiff's claim for unjust enrichment (Count IV) is governed by the liberal notice pleading standard of Federal Rule of Civil Procedure 8, pursuant to which Plaintiff "need only 'give the defendant fair notice of what the * * * claim is and the grounds upon which it rests.' " *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007) (*per curiam*) (quoting *Bell Atlantic,* 127 S.Ct. at 1964); see also *Willer v. Civil Contractors & Engineers Inc.*, 2007 WL 3232493, *2 (N.D. Ill. 2007). To survive a 12(b)(6) motion to dismiss, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the

complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965, 1973 n.14 (2007)).  Plaintiff's other claims (Counts I, II, and III) for violation of federal and state securities laws and common law fraud are subject to the particularized pleading requirements of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b).  The Court will address those requirements where relevant.

### 1.    Count I – Violations of Federal Securities Law

In Count I, Plaintiff alleges that he is entitled to a refund of his investment in Renewable Resources because "Defendants' conduct constitutes multiple violations of the securities laws of the United States, 15 U.S.C. § 77(a), et. seq."  Plaintiff does not specify which sections of the Securities Act of 1933 have been violated, and Defendant moves to dismiss Count I of Plaintiff's complaint on the ground that Plaintiff did not plead with sufficient particularity so as to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA" or "the Reform Act"), 15 U.S.C. § 78u-4(b).

Generally, a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  See Fed.R.Civ.P. 8(a)(2).  In this regard, a party must simply provide the "defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (internal quotation marks and citation omitted).  However, Rule 9(b) of the Federal Rules of Civil Procedure creates exceptions to the federal regime of notice pleading and

4

specifies that, for "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b); see also *Borsellino v. Goldman Sachs Group, Inc.,* 477 F.3d 502, 507 (7th Cir. 2007). "Read together, Rule 9(b) and Rule 8 require that the complaint include the time, place and contents of the alleged fraud, but the complainant need not plead evidence." *Amakua Development LLC v. Warner*, 411 F. Supp. 2d 941, 947 (N.D. Ill. 2006) (citing *Nissan Motor Acceptance Corp. v. Schaumburg Nissan, Inc.*, 1993 WL 360426, at *3 (N.D. Ill. Sept. 15, 1993)). In other words, the complaint must allege the "the who, what, when, where, and how: the first paragraph of a newspaper story." *Borsellino,* 477 F.3d at 507 (quoting *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990)).

The PSLRA requires that "in any private action arising under [the Exchange Act] in which the plaintiff alleges that the defendant made an untrue statement of a material fact * * * the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1). Further, the Reform Act requires particularized pleading of scienter: "the complaint shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(a)(2).

Defendants assert correctly that the proper pleading standard to apply to three of Plaintiff's four counts is the standard set forth in Rule 9(b), rather than the Rule 8 standard that is applied in the cases upon which Plaintiff principally relies. However,

5

even under the heightened pleading requirements of Rule 9(b), Plaintiff's federal securities claim is adequately pled. Plaintiff has identified at least two alleged misrepresentations made by Hopson: the statements made to him at the end of October in San Diego (i) that Hopson had invested $500,000 of her own money in Renewable and (ii) that if Knowles invested into Renewable, his investment would be used to further fund Renewable's tire-recycling venture. Knowles alleges that at the time Hopson solicited his investment, she did not intend to use it to further the tire recycling project; rather, Knowles alleges that Hopson needed his money to pay debts associated with Safety Solutions. Knowles also alleges that in December 2006, both he and Hopson signed a letter which recognized that Knowles would make a $250,000 investment into Renewable in exchange for five percent of Renewable and that the formal documents concerning the investment would be completed by January 31, 2007. According to the complaint, those formal documents were not completed by the end of January.

The complaint also alleges that in December 2006 Knowles gave Hopson $250,000 (in two separate transfers), and that Hopson withdrew nearly all of Knowles's investment by writing checks to Safety Solutions, instead of using the money to fund Renewable. Plaintiff further alleges that the documents provided by Defendants in September 2007 demonstrate that Hopson had made misrepresentations and kept materially important information from Knowles. According to Plaintiff, those documents contradict Hopson's claim that she put $500,000 into Renewable and show that instead Hopson used funds from Renewable's account to make purchases at a GNC drug store, to buy gas, and to make ATM withdrawals.[1]

---

[1] Plaintiff's pleading on the basis of "information and belief" as to certain of his allegations (see, e.g., Complaint ¶¶ 7, 11, 19, 28) is not fatal, for "there is an exception to the prohibition against

These facts adequately allege *who* made the misrepresentations (Hopson), *what* the misrepresentations were (that she had invested her own money into Renewable and that Plaintiff's money would be invested in Renewable), *when* the misrepresentations were made (at a minimum, in October and December of 2006), *where* the misrepresentations were made (San Diego and possibly in the December 2006 letter), and finally, *how* they were made (orally and then memorialized in the December letter). See *Borsellino,* 477 F.3d at 507; *DiLeo,* 901 F.2d at 627.  Additionally, Plaintiff alleges that at the time Hopson solicited his investment, she did not intend to use it to further the tire recycling project but that she intended to use the money to pay debts associated with Safety Solutions.  That allegation satisfies the PSLRA scienter requirement.  See 15 U.S.C. § 78u-4(b)(a)(2) ("the complaint shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.").  At this stage of the case, no more specificity reasonably can be required.  Accordingly, Plaintiff has satisfied the pleading requirements with respect to her claim of violations of federal securities law.[2]

---

'information and belief' averments" even with respect to claims governed by Rule 9(b), where (as here), "the details are within a defendant's exclusive knowledge" and the plaintiff alleges with specificity the basis for the "information and belief" allegations.  *Amakua Development*, 411 F. Supp. 2d at 954.

[2] Defendants contend that Plaintiff's complaint fails to allege either that Plaintiff's investment was a "security" under federal law or that the investment constituted a transaction involving interstate commerce or the use of the mails.  But Defendants cite no authority requiring such detail in a complaint, even one alleging claims subject to Rule 9(b).  The heightened pleading standard is intended "to minimize the extortionate impact that a baseless claim of fraud can have on a firm or individual."  *Fidelity Nat. Title Ins. Co. v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 748 (7th Cir. 2005).  In other words, Plaintiff must "provide enough detail to enable the defendant to riposte swiftly and effectively if the claim is groundless" (*id*.) – in short, Plaintiff must provide the "who, what, when, where, and how" – but Plaintiff need not ring the bell as to every element of his causes of action.  So long as Plaintiff has provided the required detail as to

7

### 2.    Count II – Violations of Illinois Securities Law

In Count II, Plaintiff alleges that Defendants' conduct constitutes multiple violations of the Illinois Securities Law of 1953, 815 ILCS 5/1, et seq.  The elements for recovery under the Illinois Securities Laws generally parallel those for Rule 10b-5 federal securities violations.  See *Branch-Hess Vending Services Employees Pension Trust v. Guebert,* 751 F. Supp. 1333, 1342 (C.D. Ill. 1990) (citing 15 U.S.C. 78j(b)).  Thus, not surprisingly, Illinois courts look to federal securities fraud case law in interpreting the Illinois Act.  See *Tirapelli v. Advanced Equities, Inc.,* 813 N.E.2d 1138, 1142 (Ill. App. 1st Dist. 2004).  To satisfy the Illinois securities statute, Plaintiff must allege that (i) Defendants made a false statement or omission of material fact; (ii) Defendants made the false statement with knowledge; (iii) the false statement was made in connection with the purchase or sale of securities; (iv) Plaintiff justifiably relied upon the information; and (v) Plaintiff sustained damages as a result of his reliance. *Id*.

As the Court concluded in discussing Count I, Plaintiff has sufficiently alleged that Defendants knowingly made false statements of material fact and that Plaintiff reasonably relied upon this false information in deciding to invest in Renewable. Additionally, according to the allegations in the complaint, Plaintiff has not received anything, including the pertinent investment documents, in return for his investment. That allegation satisfies the requirement that Plaintiff suffered damages as a result of his reliance on the misinformation.  In short, the same allegations that satisfied Rule 9(b)

---

the factual circumstances of the alleged misrepresentation, he has satisfied Rule 9(b).  In any event, given the breadth of the term "security" under federal law (see 15 U.S.C. § 77b(a)(1)) and the specific allegations of interstate activity concerning this lawsuit having taken place in California, Tennessee, and Illinois, Plaintiff's complaint would suffice even if Plaintiff were required specifically to plead the elements of his causes of action.

with respect to Plaintiff's federal law securities claim also suffice to defeat Defendants' motion targeting Plaintiff's state law securities claim.

### 3. Count III – Common Law Fraud

Next, Defendants contend that Plaintiff has failed to allege a common law fraud claim with the requisite particularity under Rule 9(b). In Illinois, the elements of common law fraud include: (1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon defendant's statement; and (5) plaintiff's damages resulting from reliance on defendant's statement. See *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP,* 475 F.3d 824, 841 (7th Cir. 2007) (citing *Connick v. Suzuki Motor Co., Ltd.,* 174 Ill. 2d 482 (1996)).

Defendants argue that Plaintiff's complaint does not contain an allegation that any statements made by Defendants were made for the purpose of inducing Plaintiff to act. That is simply incorrect. Plaintiff's complaint alleges that Hopson told Knowles that she had $500,000 of her own money invested in Renewable, that Hopson was soliciting an investment from Knowles, and that he was motivated to act based on her representation that she had already invested a substantial amount of her own money in the venture. In addition, as discussed above, the other factual details of the alleged fraud have been pled sufficiently.

### 4. Count IV – Unjust Enrichment

To state a cause of action based on a theory of unjust enrichment under Illinois law, "a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the

fundamental principles of justice, equity, and good conscience." *HPI Health Care Services, Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill. 2d 145, 160 (1989). Defendants argue that Plaintiff has failed to allege that any benefits received by Defendants resulted in a detriment to Plaintiff.

Plaintiff has alleged that he gave $250,000 to Defendants to be used to further a Renewable venture. Plaintiff also has alleged that he has received nothing in return – not even the pertinent investment documents. Those allegations, if proven, arguably could amount to a violation of fundamental principles of justice, equity, and good conscience. Accordingly, Plaintiff has satisfied the pleading requirements for a claim of unjust enrichment.

### B.     Motion for a More Definite Statement

With respect to Defendants' motion for a more definite statement pursuant to Rule 12(e), a court considers whether "a pleading to which a responsive pleading is allowed * * is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). If so, the court may order a more definite statement. *Id.* "Rule 12(e) is designed to prevent unintelligibility rather than a lack of detail." *Rosenbaum v. Seybold*, 2007 WL 1959241, at *1 (N.D. Ind. July 2, 2007). Defendants contend that they are unable to frame a responsive pleading because Plaintiff has failed to allege with specificity which sections of the federal and Illinois securities laws have been violated.

Having reviewed Plaintiff's complaint, the Court finds that it is not so vague or ambiguous that Defendants cannot prepare a response. Rather, for the reasons stated in analyzing Defendants' motion to dismiss, the Court finds that the complaint puts Defendants on notice of the nature of Plaintiff's securities law claims and also provides

sufficient facts to satisfy the heightened standard in fraud cases. At this stage in the proceedings, that is all that is required.

### III.    Conclusion

For the foregoing reasons, the Court denies Defendants' motion to dismiss [10] and motion for a more definite statement [13]. The Court sets this matter for a status hearing on June 26, 2008, at 9:00 a.m. and requests that by June 24, 2008, the parties jointly file a short status report setting forth their views on a proposed discovery schedule.

Dated:    June 12, 2008    _____
Robert M. Dow, Jr.
United States District Judge