UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT KNOWLES,

        Plaintiff,

  vs.

ANGELIA HOPSON; RENEWABLE
RESOURCES, LLC; AND SAFETY
SOLUTIONS, INC.

        Defendants.

Case No: 07 CV 6131
Judge Robert M. Dow Jr.
Courtroom 1919
Magistrate Judge Jeffrey Cole
Courtroom 1838

**MOTION FOR ENTRY OF JUDGMENT AGAINST DEFENDANTS
AS A MATTER OF LAW FOR VIOLATION OF CONFIDENTIAL
SETTLEMENT AGREEMENT PURSUANT TO FRCP 50(a)(2)**

Plaintiff ROBERT KNOWLES ("Knowles"), by his attorney Anthony L. Schumann, of Grant Schumann, LLC, pursuant to Rule 50(a)(2) of the Federal Rules of Civil Procedure moves this Honorable Court for entry of judgment as a matter of law against Defendants Angelia Hopson ("Hopson"), Renewable Resources, LLC ("Renewable") and Safety Solutions, Inc. ("Safety") for failure to comply with the terms and conditions of the Confidential Settlement and General Release Agreement executed by all parties on February 8, 2010. In support of this motion, Plaintiff states as follows:

1. On July 9, 2009, Plaintiff filed his four (4) count Complaint ("Complaint") against Hopson, Renewable and Safety for multiple violations of security laws of the United States, multiple violations of the Illinois Securities Law 1953, common law fraud and equitable relief.

2. In order to avoid the further costs, burdens and risks of litigation, all parties to this lawsuit entered into a Confidential Settlement Agreement and General Release ("Settlement Agreement") on February 8, 2010. A true and correct copy of this Agreement is attached hereto as Exhibit A.

3. In general, the terms and conditions of the Settlement Agreement require that Defendants pay Knowles the total amount of Three Hundred Twenty Five Thousand Dollars ($325,000.00) in installment payments as explained in paragraph 3.1(a).

4. As of the date of this motion, Defendants have failed and continue to fail to make timely payments pursuant to the terms and conditions of the Settlement Agreement.

5. In fact, Defendants only made two (2) payments totaling Eight Thousand Dollars ($8,000.00) since entering into the Settlement Agreement.

6. In the case where Defendants fail to make any of the installment payments in a timely fashion, Section 3.3 of the Settlement Agreement explicitly states:

> The obligation of Hopson, Renewable and Safety to fully pay Knowles is joint and several among Hopson, Renewable and Safety. In the event Hopson, Renewable and Safety fail to comply with their joint and several obligations to cause payment to be postmarked no later than the 3rd day of the month and received by Knowles upon the 5th day of the month, each of them shall be deemed in default of the Agreement. Hopson, Renewable and Safety shall have a right to cure the default on or before the 10th day of the month by making a payment of the THREE THOUSAND DOLLAR ($3,000.00) monthly payment then due and a FIVE HUNDRED DOLLAR ($500.00) late payment penalty. If Hopson, Renewable and Safety cure any default by payment of the monthly payment and late payment penalty, (i.e. $3,500.00), only the amount of THREE THOUSAND DOLLAR ($3,000.00) shall be applied to the Aggregated Settlement Amount then due and the amount of FIVE HUNDRED DOLLARS ($500.00) shall be a penalty. Knowles shall have the right upon the 11th day of the month where a default has occurred to declare this Agreement breached and pursue all available legal remedies, including, but not limited to, seeking enforcement of this Agreement. **If Knowles should elect to seek enforcement of this Agreement and Hopson, Renewable or Safety has failed to make payment to Knowles upon the 10th day of the month, Hopson, Renewable and Safety hereby agree to the acceleration of the total amount due and entry of a monetary judgment in the amount of the balance of the total amount of**

**the Agreement due at the time of the default, and with Knowles' reasonable attorneys' fees and costs incurred.** (emphasis added).

7. At the time of entering into the Settlement Agreement, the Parties requested this Court to retain jurisdiction to enforce the terms of their Settlement Agreement under the authority of Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. 375, 381-82 (1994).

8. On March 11, 2010, this Court entered an Order dismissing this lawsuit while retaining jurisdiction to enforce the terms of the Settlement Agreement under the authority of Kokkonen. A true and correct copy of this Court's Order is attached hereto as Exhibit B.

9. Furthermore, Rule 50(a)(2) of the Federal Rules of Civil Procedure provides that "a motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to judgment."

10. Plaintiff submits that this motion complies with all of the requirements set forth in Rule 50(a)(2) of the Federal Rules of Civil Procedure.

11. In light of Defendants' repeated refusal to make payments in blatant violation of the terms and conditions of the Settlement Agreement, Plaintiff respectfully requests that this Court immediately enter judgment against Defendants Angelia Hopson, Renewable Resources, LLC and Safety Solutions, Inc. in the amount of Three Hundred Seventeen Thousand Dollars and no cents ($317,000.00) plus judgment interest and attorney's fees.

WHEREFORE, Plaintiff Robert Knowles respectfully requests that this Court immediately enter judgment against Defendants Angelia Hopson, Renewable Resources, LLC and Safety Solutions, Inc. in the amount of Three Hundred Seventeen Thousand Dollars and no cents ($317,000.00) plus judgment interest, attorney's fees, and any other relief this Court deems necessary and proper.

Dated: October 15, 2010

                                        Respectfully submitted,

By:    ***/s/: Anthony L. Schumann***
        ANTHONY L. SCHUMANN

Anthony L. Schumann
Grant Schumann, LLC
230 West Monroe Street, Suite 240
Chicago, Illinois 60606
T: (312) 551-0111
F: (312) 551-0112